IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James M. Ivey, | ) | C/A No.3:08-cv-598-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| D.R. Horton, Inc,. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant D.R. Horton's motion to compel arbitration and stay proceedings or alternatively to dismiss. Having reviewed the memoranda of the parties, supporting affidavits, and other documents, and for the reasons set forth herein, the court **grants** the motion to compel arbitration and will **stay** this action pending conclusion of the arbitration proceeding.

### BACKGROUND

Plaintiff James M. Ivey (Ivey) and Defendant D.R. Horton (DRH) entered into a Mutual Arbitration Agreement (Agreement) on January 26, 2006, as a condition of Ivey's continued employment, which began in January 1999 and continued until October 4, 2007. Dkt. No. 12 at 2. Paragraph 1 of the Agreement encompasses "all disputes and claims" between the parties:

> Except as provided below, Employee and the Company, on behalf of their affiliates, successors, heirs, and assigns, agree that all disputes and claims between them, including those relating to Employee's employment with the Company and any separation therefrom, and including claims against the Company's affiliates, directors, employees, or agents, shall be determined exclusively by final and binding arbitration before a single, neutral arbitrator as described herein, and that judgment upon the arbitrator's award may be entered by any court of competent jurisdiction. Claims subject to arbitration under this Agreement include without limitation claims for discrimination or harassment; wages, benefits, or other compensation; breach of any express or implied contract; violation of public policy; personal injury; and tort

claims including defamation, fraud, and emotional distress. Except as expressly provided herein, the Company and Employee voluntarily waive all rights to trial in court before a judge or jury on all claims between them.

Dkt. No. 2-3 at 1. Ivey does not contest having signed the Agreement. He does, however, argue that he "has evidence of fraud in the inducement of the arbitration provision" sufficient to warrant revocation of the provision. Dkt. No. 17 at 4.

On February 20, 2008, Ivey brought this action against his former employer, DRH. Ivey alleges that he allowed DRH to use his South Carolina Residential Builders License in connection with his responsibilities in residential construction and that DRH fraudulently continued to use that license even after Ivey assumed development responsibilities and was no longer involved in construction. Dkt. No. 6 at 2-3, 5. Ivey further alleges that he was terminated from his employment in violation of public policy because of his "failure to condone and participate in illegal and improper practices by the defendant which he had reported and opposed." Dkt. No. 6 at 7. After the filing of the suit DRH responded by filing the present motion to compel arbitration and stay proceedings or alternatively dismiss. Ivey opposes both requests.

## DISCUSSION

DRH argues that it is entitled to an order compelling arbitration and staying these proceedings, or alternatively, dismissal based on the plain language of the Agreement. *See* Dkt. 12-2 at 2. Ivey raises four arguments in opposition to DRH's motion: (1) the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (FAA), does not apply to diversity suits; (2) the matters at issue in the dispute do not involve interstate commerce; (3) arbitration would deny Ivey substantive state law rights; and (4) the agreement to arbitrate was induced by fraud. Dkt. No. 17 at 1.

The parties do not agree that the FAA governs this action. Ivey asserts that the FAA does not apply to diversity suits, citing *Bernhardt v. Polygraphic Company of America, Inc.*, 350 U.S. 198, 202 (1956). However, it is well-settled that the FAA allows for an order compelling arbitration if "the federal district court would have jurisdiction over a suit on the underlying dispute," for example where there is diversity of citizenship or another basis for federal jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983). For this reason, and for the reasons set forth by DRH in its reply, Dkt. No. 20 at 1-2, Ivey's first argument fails.

Next, Ivey argues that the FAA does not apply because his employment with DRH does not involve interstate commerce. Again, Ivey relies on *Bernhardt v. Polygraphic Co. of America*, in which the Court found that the employee did not engage in activity "involving commerce." 350 U.S. 198, 200-01 (1956). Dkt. No. 17 at 2. In *Allied-Bruce Terminix Companies v. Dobson*, the Supreme Court interpreted the FAA's use of the words "involving commerce" and determined that the phrase was meant to allow Congress to "exercise its Commerce Clause powers to the full" and should be broadly interpreted. 513 U.S. 265, 273-75 (1995). In the instant case, DRH operates its business in twenty-seven states and utilizes materials and labor obtained "on an interstate basis." Dkt. No. 12-2 at 6. For these reasons and for the additional reasons argued by DRH, the FAA's interstate commerce requirement is satisfied in this action. *See Allied-Bruce Terminix*, 513 U.S. at 273 (interpreting the interstate commerce requirement in the FAA and finding that the FAA did apply to a contract between a customer and company that conducted business in several states and used materials from outside the state in which the contract was formed).

Ivey argues third that compelling arbitration would deprive him of substantive state rights. Dkt. No. 17 at 3. In support of this argument, Ivey relies on *Alexander v. Gardner-Denver Co.*,

3

which holds that a decision made by an arbitrator regarding an employment contract does not preclude a plaintiff from proceeding with a properly filed EEOC complaint under Title VII. 415 U.S. 36, 47-49 (1976). As the present case does not involve a claim under Title VII, the passage cited by Ivey does not control. The Agreement between the parties covers "all disputes and claims" and enumerates examples of common law claims it encompasses, such as "breach of any express or implied contract; violation of public policy; personal injury; and tort claims including defamation, fraud, and emotional distress." Dkt. No. 2-3 at 1 (quoted *supra* at 1-2). Furthermore, the "liberal federal policy favoring arbitration agreements" reflects Congress' perspective on the fairness and efficiency of arbitration as a process for dispute resolution. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001). Compelling arbitration will not deprive Ivey of his substantive rights.

Finally, Ivey argues that this court should not enforce the Agreement because he was induced to enter it by fraud. Dkt. 17 at 4. If a claim of fraud relates specifically to the making of an arbitration agreement, the federal court should adjudicate whether the contract was induced by fraud, rather than an arbitrator. *Prima Paint Corp. v. Flood & Conklin Mfr. Co.*, 388 U.S. 395, 403-04 (1967). Ivey makes only conclusory statements about the alleged fraud: "This is the evidence of Ivey-that there was fraud in the inducement of the arbitration provision," and "Ivey has evidence of fraud in the inducement of the arbitration provision sufficient in law and equity for revocation of such provision." Dkt. 17 at 4. Beyond these statements, Ivey offers the court no supporting affidavits or documentation, nor further elaboration on the alleged "evidence of fraud in the inducement." The time line offered by Ivey noting the beginning of his employment with DRH, subsequent changes in his job responsibilities, and the time of signing of the arbitration agreement

4

does not support his claim of fraud in the inducement. *See id.* Even if Ivey's allegations of misuse by DRH of Ivey's builder's license after his job responsibilities no longer included construction work are true, nothing about this series of circumstances suggests fraud in the inducement of the arbitration provision. Without further explanation or specific allegations of acts that satisfy the elements of fraud, this court cannot find the existence of any fraud related to the making of the Agreement. The facts suggested by Ivey in his memorandum do not support a claim of fraudulent inducement for the reasons explained above and those offered by DRH. The court concludes that there is no basis on which to avoid enforcement of the plain language of the Agreement.

## CONCLUSION

For the foregoing reasons as well as those advanced by DRH in its memorandum and reply in support, the motion to compel arbitration is **granted**. Defendant shall report to the court no later than August 3, 2008, as to the status of the arbitration and every ninety days thereafter until arbitration is concluded.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 10, 2008

5